

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00440-CV

IN RE EOG RESOURCES, INC.                                            RELATOR

----------

### ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Relator EOG Resources, Inc. filed this petition for writ of mandamus seeking to vacate the trial court's order requiring it to produce privileged trade secret information during pretrial discovery.

David and Shelly Richey sued EOG alleging that after they had entered into an oil and gas lease with EOG, it improperly failed to include their land in a pooled unit with similarly-located leases and that EOG improperly drained oil and gas from underneath their property. In discovery, the Richeys sought EOG's

---

[1]See Tex. R. App. P. 47.4, 52.8(d).

geologic and seismic data for their property and any property located within one mile of their property. EOG objected to the Richeys' request for production claiming, among other things, that the information sought is "confidential, business, and/or proprietary information." The Richeys moved to compel production of the information, and the trial court held an evidentiary hearing.

At the hearing, the parties stipulated that the information sought is privileged trade secret information. Following the hearing, the trial court signed an order compelling production of the information to the Richeys. In its order, the trial court found that the Richeys had met their burden to show that the trade secret information sought in their request for production is necessary for a fair adjudication of their claims. EOG then filed a petition for writ of mandamus in this court challenging the trial court's order.

Texas Rule of Evidence 507 provides,

> A person has a privilege, which may be claimed by the person or the person's agent or employee, to refuse to disclose and to prevent other persons from disclosing a trade secret owned by the person, if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice. When disclosure is directed, the judge shall take such protective measure as the interests of the holder of the privilege and of the parties and the furtherance of justice may require.

Tex. R. Evid. 507. After a party resisting discovery establishes that the information is a trade secret, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claims. *E.g.*, *In re Cont'l Gen. Tire, Inc.*, 979 S.W.2d 609, 613 (Tex. 1998) (orig. proceeding). "[A]

2

party seeking such information cannot merely assert unfairness but must demonstrate with specificity exactly how the lack of the information will impair the presentation of the case on the merits to the point that an unjust result is a real, rather than a merely possible, threat." *In re Bridgestone/Firestone, Inc.*, 106 S.W.3d 730, 733 (Tex. 2003) (orig. proceeding).

The Richeys' expert testified generally that the trade secret information sought was "pertinent," "helpful," and "essential" to the Richeys' claims and that the request was "reasonable" and "necessary." But he never articulated any reason why discovery of the information was necessary other than that the only evidence the Richeys had to support their claims is the proximity of the wellbores on neighboring properties to their property. The Richeys' expert admitted that the Richeys could have obtained the information on their own but for "cost and [lack of] expertise," but he also testified that it "probably" would not do them any good to spend their own money on obtaining such information.

We conclude and hold that the Richeys did not meet their burden to show with specificity how their failure to obtain the trade secret information sought would so impair the presentation of the case that the result would be unjust; thus, the trial court abused its discretion by ordering production of the trade secrets. *See, e.g., id.*; *see also HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998) (noting that royalty owners should determine whether a common reservoir underlies their leases because of the potential for drainage by surrounding wells and also noting that records about operations in a common reservoir are

3

generally available from the former Railroad Commission). There is no adequate remedy by appeal when a trial court orders a party to produce privileged trade secrets absent a showing of necessity. *See, e.g.*, *In re Union Pac. R.R.*, 294 S.W.3d 589, 593 (Tex. 2009) (orig. proceeding); *In re Bass*, 113 S.W.3d 735, 745 (Tex. 2003) (orig. proceeding).

Accordingly, we conditionally grant mandamus relief. We order the trial court to withdraw its order compelling EOG to respond to the Richeys' request for production number 10 seeking geologic and seismic data for the property and surrounding areas. We are confident that the trial court will promptly comply, and a writ will issue only if it does not.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED: February 12, 2014

4